UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 05-25606 |
| DENNIS KOSINSKI,<br>Debtor. | Chapter 7 |
| | Adversary Proceeding No. 05-1719 |
| STACY GETSON,<br>Plaintiff, | Judge Arthur I. Harris |
| v. | |
| DENNIS KOSINSKI,<br>Defendant. | |

MEMORANDUM OF OPINION

Before the Court is debtor-defendant's motion for partial summary judgment. Defendant asks the Court to enter partial summary judgment in his favor on his ex-wife's claim that a debt to his ex-wife's mother, which arises from a marital settlement agreement, is nondischargeable under former 11 U.S.C. § 523(a)(5). For the reasons stated below, the Court grants Kosinski's motion for partial summary judgment, finding that the plaintiff has provided no evidence of any of the traditional state law indicia of a support obligation for a debt to be nondischargeable under the former version of subsection 523(a)(5).

## JURISDICTION

Dischargeability determinations are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 2005, defendant Kosinski filed a Chapter 7 petition, and on January 13, 2006, Kosinski received his discharge. On December 20, 2005, Stacy Getson, defendant's ex-wife, filed this adversary complaint asking for (1) a monetary judgment against the defendant in the amount of $2,652.00, plus interest from June 18, 2002, and (2) a determination that the debt is nondischargeable under 11 U.S.C. § 523(a)(5) ("alimony, maintenance, or support") or under 11 U.S.C. § 523(a)(15) (balancing needs of debtor and creditor-spouse).

Attached to Getson's complaint is a marital settlement agreement (Docket #1, Ex. A), which was entered into by Getson and Kosinski on June 18, 2002, and filed with the Ashtabula County Court of Common Pleas. The settlement agreement indicates that Getson and Kosinski were married for eleven years, had no children, and "a permanent breakdown of the marriage [had] arisen." The settlement agreement further purports to settle all property and financial

2

matters between Getson and Kosinski. In a section entitled "DIVISION OF DEBTS," the parties agreed to pay an equal amount monthly towards their federal tax debt, and the also defendant agreed to pay $59 per month towards a loan from Beneficial Finance to Getson's mother. In the section entitled "ALIMONY," the settlement agreement states that:

> [b]oth parties hereby agree to waive any rights or claims that either may have now or in the future to receive alimony, maintenance, or spousal support from each other. Both parties understand the full import of this provision.

On May 15, 2006, Kosinski filed his motion for partial summary judgment (Docket #13) arguing that the terms of settlement agreement establish that the debt to Getson's mother is not "in the nature of alimony, maintenance, or support." On May 24, 2006, Getson filed her brief in opposition (Docket #14), stating that the debt is a support obligation even though not labeled as such, or in the alternative, that the debt is still nondischargeable pursuant to subsection 523(a)(15). The Court is now ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

3

> [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

Absent such evidence from the nonmoving party in a motion for summary

4

judgment, the Court need not excavate the entire record to determine if any of the available evidence could be construed in such a light. *See In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact"); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993). "[S]ummary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56.

## DISCUSSION

The Bankruptcy Abuse Prevention and Consumer Protection Act greatly simplified the dischargeability determination of obligations arising from a separation agreement or divorce decree under subsections 523(a)(5) and (15). Those amendments, however, do not apply to this case, which was filed prior to October 17, 2005. All further references to subsections 523(a)(5) and (a)(15) are references to those subsections as they existed prior to October 17, 2005.

Pursuant to 11 U.S.C. § 523(a)(5), a debt is nondischargeable if it is a debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>     . . . .

5

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Much of the litigation regarding this section, including the case at hand, focuses on whether a given debt is "actually in the nature of alimony, maintenance, or support" as opposed to a division of marital property. "The burden of demonstrating that an obligation is in the nature of support is on the non-debtor." *In re Fitzgerald*, 9 F.3d 517, 520 (6th Cir. 1993).

The Sixth Circuit has established a four-part test for determining whether an obligation is "actually in the nature of alimony, maintenance, or support":

> (1) whether the parties and state court intended the obligation to be for support;
> (2) whether the obligation has the effect of providing necessary support;
> (3) whether the obligation is reasonable under traditional concepts of support; and
> (4) if the entire amount of the obligation is not reasonable, what amount would be reasonable to provide the former spouse support.

*In re Calhoun*, 715 F.2d 1103 (6th Cir. 1983). If the first element of the test is not met, "the inquiry ends there." 715 F.2d at 1109. To establish the intent of the parties, a court should look to the traditional state law indicia of a support obligation:

> There is a saying that if something looks like a duck, walks like a duck, and quacks like a duck, then it is probably a duck. In determining whether an award is actually [in the nature of] support, the bankruptcy court should

6

> first consider whether it "quacks" like support. Specifically, the court
> should look to the traditional state law indicia that are consistent with a
> support obligation. These include, but are not necessarily limited to, (1) a
> label such as alimony, support, or maintenance in the decree or agreement,
> (2) a direct payment to the former spouse, as opposed to the assumption of a
> third-party debt, and (3) payments that are contingent upon such events as
> death, remarriage, or eligibility for Social Security benefits.

*In re Sorah*, 163 F.3d 397, 401 (6th Cir. 1998) (establishing a conclusive presumption of a support obligation where the three indicia are present). In this case, none of *Sorah*'s three indicia of a support obligation is present. The debt is listed under "division of debts," alimony is specifically waived, the debt is to be paid to a third party, and the payments are not contingent upon death, remarriage, or eligibility for Social Security benefits.

The *Sorah* court did indicate that a bankruptcy court should also consider other indicia of a support obligation that can be found in the applicable state support statutes. *See* 163 F.3d at 401; Ohio Rev. Code Ann. § 3105.18(C)(1) (listing fourteen factors); *see, e.g.*, *In re Bailey*, 254 B.R. 901, 906 (B.A.P. 6th Cir. 2000) ("Other indicia can include: '(1) the disparity of earning power between the parties; (2) the need for economic support and stability; (3) the presence of minor children; and (4) marital fault.' " (quoting *In re Luman*, 238 B.R. 697, 706 (Bankr.N.D.Ohio 1999)); *In re Jones*, 265 B.R. 746, 752 (Bank. N.D. Ohio 2001) (analyzing eleven traditional factors). But, the Court lacks evidence relevant to

these other state law indicia. In fact, the only other relevant evidence before the Court is that Getson and Kosinski were married for approximately eleven years and had no children. That evidence is not helpful in determining whether the parties intended the debt to be a support obligation. Viewing these undisputed facts in the light most favorable to the nonmovant Getson, the Court concludes that the debt to Getson's mother bears none of the traditional state law indicia of a support obligation for the debt to be nondischargeable under former subsection 523(a)(5).

## CONCLUSION

For the reasons stated above, defendant Kosinski's motion for partial summary judgment is granted. The Court concludes that Kosinski's debt to Getson's mother is not "in the nature of alimony, maintenance, or support." Therefore, plaintiff has failed to establish that the debt is nondischargeable under 11 U.S.C. § 523(a)(5). Kosinski's motion for partial summary judgment did not address Getson's alternative claim that the debt to her mother would still be nondischargeable pursuant to 11 U.S.C. § 523(a)(15), nor did his motion address the total amount of debt. Those issues remain undecided, and trial is scheduled for August 30, 2006.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge